1 │ JOSEPH T. MCNALLY
  │ Acting United States Attorney
2 │ LINDSEY GREER DOTSON
  │ Assistant United States Attorney
3 │ Chief, Criminal Division
  │ ANDREW BROWN (Cal. Bar No. 172009)
4 │ Assistant United States Attorney
  │ Major Frauds Section
5 │      1100 United States Courthouse
  │      312 North Spring Street
6 │      Los Angeles, California 90012
  │      Telephone: (213) 894-0102
7 │      Facsimile: (213) 894-6269
  │      E-mail:    andrew.brown@usdoj.gov
8 │ Attorneys for Plaintiff
  │ UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

4/2/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MRV _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00238-ODW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ANNDRAYA ALLIEJ STINSON |
| v. | |
| AKIL JERMAINE RICKS and ANNDRAYA ALLIEJ STINSON, | |
| Defendants. | |

1.   This constitutes the plea agreement between ANNDRAYA ALLIEJ STINSON ("defendant"), and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a)   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the

1

1  Information, which charges defendant with Conspiracy to Commit Bank

2  Fraud, in violation of 18 U.S.C. § 1349.

3              b)    Not contest facts agreed to in this agreement.

4              c)    Abide by all agreements regarding sentencing

5  contained in this agreement.

6              d)    Appear for all court appearances, surrender as

7  ordered for service of sentence, obey all conditions of any bond,

8  and obey any other ongoing court order in this matter.

9              e)    Not commit any crime; however, offenses that would be

10  excluded for sentencing purposes under United States Sentencing

11  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are

12  not within the scope of this agreement.

13              f)    Be truthful at all times with Pretrial Services, the

14  United States Probation Office, and the Court.

15              g)    Pay the applicable special assessment at or before

16  the time of sentencing unless defendant lacks the ability to pay and

17  prior to sentencing submits a completed financial statement on a

18  form to be provided by the USAO.

19              h)    Not bring a post-conviction collateral attack on the

20  conviction or sentence except a post-conviction collateral attack

21  based on a claim of ineffective assistance of counsel.

22              i)    Not move to withdraw defendant's guilty plea.

23              j)    Not file a notice of appeal, unless (1) the prison

24  sentence exceeds 15 years, (2) the fine or term of probation or

25  supervised release exceed the statutory maximum, or (3) restitution

26  exceeds $10 million.

27                        THE USAO'S OBLIGATIONS

28      3.    The USAO agrees to:

2

1              a)    Not contest facts agreed to in this agreement.

2              b)    At the time of sentencing, move to dismiss the

3    remaining count of the Information as against defendant.  Defendant

4    understands, however, that at the time of sentencing the Court may

5    consider any dismissed charges in determining the applicable

6    Sentencing Guidelines range, the propriety and extent of any

7    departure from that range, and the sentence to be imposed.

8                          NATURE OF THE OFFENSE

9        4.    Defendant understands that for defendant to be guilty of

10   conspiracy to commit bank fraud, in violation of Title 18, United

11   States Code, Section 1349, the following must be true:  First,

12   during the time period alleged in the Information there was an

13   agreement between two or more persons to commit bank fraud; Second,

14   defendant became a member of the conspiracy knowing of its object

15   and intending to help accomplish it.  The elements of bank fraud, in

16   turn, are as follows:  First, defendant knowingly carried out a

17   scheme or plan to obtain money or property from a financial

18   institution by making false statements or promises; Second,

19   defendant knew that the statements or promises were false; Third,

20   the statements or promises were material, that is, they had a

21   natural tendency to influence, or were capable of influencing, a

22   financial institution to part with money or property; Fourth, the

23   defendant acted with the intent to defraud; and Fifth, the financial

24   institution was federally insured.

25                        PENALTIES AND RESTITUTION

26       5.    Defendant understands that the statutory maximum sentence

27   that the Court can impose for a violation of Title 18, United States

28   Code, Sections 1349, 1344, is: 30 years' imprisonment; a five-year

1  period of supervised release; a fine of $1,000,000, or twice the

2  gross gain or loss, whichever is greatest; and a mandatory special

3  assessment of $100.

4      6.    Defendant understands that supervised release is a period

5  of time following imprisonment during which defendant will be

6  subject to various restrictions and requirements.  Defendant

7  understands that if defendant violates one or more of the conditions

8  of any supervised release imposed, defendant may be returned to

9  prison for all or part of the term of supervised release authorized

10 by statute for the offense that resulted in the term of supervised

11 release, which could result in defendant serving a total term of

12 imprisonment greater than the statutory maximum stated above.

13     7.    Defendant understands that, by pleading guilty, defendant

14 may be giving up valuable government benefits and valuable civic

15 rights, such as the right to vote, the right to possess a firearm,

16 the right to hold office, and the right to serve on a jury.

17 Defendant understands that once the court accepts defendant's guilty

18 plea, it will be a federal felony for defendant to possess a firearm

19 or ammunition.  Defendant understands that the conviction in this

20 case may also subject defendant to various other collateral

21 consequences, including but not limited to revocation of probation,

22 parole, or supervised release in another case and suspension or

23 revocation of a professional license.  Defendant understands that

24 unanticipated collateral consequences will not serve as grounds to

25 withdraw defendant's guilty plea.

26     8.    Defendant understands that defendant will be required to

27 pay full restitution to the victims of the offense to which

28 defendant is pleading guilty.  Defendant agrees that, in return for

1  the USAO's compliance with its obligations under this agreement, the

2  Court may order restitution to persons other than the victims of the

3  offenses to which defendant is pleading guilty and in amounts

4  greater than those alleged in the count to which defendant is

5  pleading guilty.  In particular, defendant agrees that the Court may

6  order restitution to any victim of any of the following for any

7  losses suffered by that victim as a result: (a) any relevant

8  conduct, as defined in U.S.S.G. § 1B1.3, in connection with the

9  offenses to which defendant is pleading guilty; and (b) any counts

10 dismissed and charges not prosecuted pursuant to this agreement as

11 well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in

12 connection with those counts and charges.

13                            FACTUAL BASIS

14      9.   Defendant admits that defendant is, in fact, guilty of the

15 offenses to which defendant is agreeing to plead guilty.  Defendant

16 and the USAO agree to the statement of facts provided below and

17 agree that this statement of facts is sufficient to support a plea

18 of guilty to the charges described in this agreement and to

19 establish the Sentencing Guidelines factors set forth below but is

20 not meant to be a complete recitation of all facts relevant to the

21 underlying criminal conduct or all facts known to either party that

22 relate to that conduct.

23      Beginning in or before 2024, and continuing through at least
24      August 8, 2024, there was an agreement between two or more
         persons to commit bank fraud.  Defendant became a member of
25      this conspiracy knowing of its object and intending to help
         accomplish it.  Defendant's role in the conspiracy was to act
26      as a broker for checks stolen from the mail by postal
         employees, which she delivered to other conspirators who made
27      counterfeit identity documents in the names of the victims.
         Still other conspirators used the counterfeit identity
28

documents to negotiate the stolen checks.  Acting with the intent to defraud, defendant delivered to one of her conspirators in February 2024 a stolen check for $93,000.  As a result of this conspiracy, defendant and her co-conspirators defrauded federally-insured financial institutions including Bank of America, City National Bank, JP Morgan Chase Bank, Truist Bank, and Comerica Bank.

## SENTENCING FACTORS

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

11.  Defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors.  Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

## WAIVER OF CONSTITUTIONAL RIGHTS

12.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a)    The right to persist in a plea of not guilty.

b)    The right to a speedy and public trial by jury.

c)    The right to be represented by counsel – and if necessary have the court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d)    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)    The right to confront and cross-examine witnesses against defendant.

f)    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g)    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## LIMITED WAIVER OF DISCOVERY

13.  In exchange for the government's obligations under this agreement, defendant gives up any right defendant may have had to review any additional discovery.

## ABANDONMENT OF DIGITAL DEVICES

14.  Defendant abandons all right, title, and interest defendant had in any of the digital devices seized by law

7

1  enforcement officials in this case, which defendant admits are

2  instrumentalities of defendant's offense.

3  <u>WAIVER OF APPEAL OF CONVICTION</u>

4      15.  Defendant understands that, with the exception of an

5  appeal based on a claim that defendant's guilty pleas were

6  involuntary, by pleading guilty defendant is waiving and giving up

7  any right to appeal defendant's convictions on the offenses to which

8  defendant is pleading guilty.

9  <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

10      16.  Defendant agrees that, provided the Court imposes a term

11  of imprisonment of no more than fifteen years, defendant gives up

12  the right to appeal all of the following: (a) the procedures and

13  calculations used to determine and impose any portion of the

14  sentence; (b) the term of imprisonment imposed by the Court; (c) the

15  fine imposed by the court, provided it is within the statutory

16  maximum; (d) the term of probation or supervised release imposed by

17  the Court, provided it is within the statutory maximum; (e) the

18  amount and terms of any restitution order, provided it requires

19  payment of no more than $10,000,000; and (f) the conditions of

20  probation or supervised release imposed by the Court.

21      17.  Defendant also gives up any right to bring a post-

22  conviction collateral attack on the convictions or sentence,

23  including any order of restitution, except a post-conviction

24  collateral attack based on a claim of ineffective assistance of

25  counsel, a claim of newly discovered evidence, or an explicitly

26  retroactive change in the applicable Sentencing Guidelines,

27  sentencing statutes, or statutes of conviction.

28

18.  The USAO gives up its right to appeal any portion of the sentence unless defendant files a notice of appeal, in which case the USAO is free to cross-appeal every aspect of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21.  Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of

1  defendant's obligations are material, a single breach of this

2  agreement is sufficient for the USAO to declare a breach, and

3  defendant shall not be deemed to have cured a breach without the

4  express agreement of the USAO in writing.  If the USAO declares this

5  agreement breached, and the Court finds such a breach to have

6  occurred, then: (a) if defendant has previously entered a guilty

7  plea pursuant to this agreement, defendant will not be able to

8  withdraw the guilty pleas, (b) the USAO will be relieved of all its

9  obligations under this agreement, and (c) defendant will still be

10  bound by defendant's obligations under this agreement.

11      22.  Following the Court's finding of a knowing breach of this

12  agreement by defendant, should the USAO choose to pursue any charge

13  that was either dismissed or not filed as a result of this

14  agreement, then:

15          a)   Defendant agrees that any applicable statute of

16  limitations is tolled between the date of defendant's signing of

17  this agreement and the filing commencing any such action.

18          b)   Defendant waives and gives up all defenses based on

19  the statute of limitations, any claim of pre-indictment delay, or

20  any speedy trial claim with respect to any such action, except to

21  the extent that such defenses existed as of the date of defendant's

22  signing this agreement.

23          c)   Defendant agrees that: (i) any statements made by

24  defendant, under oath, at the guilty plea hearing (if such a hearing

25  occurred prior to the breach); (ii) the agreed to factual basis

26  statement in this agreement; and (iii) any evidence derived from

27  such statements, shall be admissible against defendant in any such

28  action against defendant, and defendant waives and gives up any

claim under the United States Constitution, any statute, Rule 410 of
the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
Criminal Procedure, or any other federal rule, that the statements
or any evidence derived from the statements should be suppressed or
are inadmissible.

COURT AND PROBATION OFFICE NOT PARTIES

23.  Defendant understands that the Court and the United States
Probation Office are not parties to this agreement and need not
accept any of the USAO's sentencing recommendations or the parties'
agreements to facts or sentencing factors.

24.  Defendant understands that both defendant and the USAO are
free to: (a) supplement the facts by supplying relevant information
to the United States Probation Office and the Court, (b) correct any
and all factual misstatements relating to the Court's Sentencing
Guidelines calculations and determination of sentence, and (c) argue
on appeal and collateral review that the Court's Sentencing
Guidelines calculations and the sentence it chooses to impose are
not error, although each party agrees to maintain its view that the
calculations in the plea agreement are consistent with the facts of
this case.  While this paragraph permits both the USAO and defendant
to submit full and complete factual information to the United States
Probation Office and the Court, even if that factual information may
be viewed as inconsistent with the facts agreed to in this
agreement, this paragraph does not affect defendant's and the USAO's
obligations not to contest the facts agreed to in this agreement.

25.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to

11

1  the maximum established by statute, defendant cannot, for that

2  reason, withdraw defendant's guilty pleas, and defendant will remain

3  bound to fulfill all defendant's obligations under this agreement.

4  Defendant understands that no one –- not the prosecutor, defendant's

5  attorney, or the Court –- can make a binding prediction or promise

6  regarding the sentence defendant will receive, except that it will

7  be within the statutory maximum.

8                     NO ADDITIONAL AGREEMENTS

9       26.  Defendant understands that, except as set forth herein,

10 there are no promises, understandings, or agreements between the

11 USAO and defendant or defendant's attorney, and that no additional

12 promise, understanding, or agreement may be entered into unless in a

13 writing signed by all parties or on the record in court.

14          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

15      27.  The parties agree that this agreement will be considered

16 part of the record of defendant's guilty plea hearing as if the

17 entire agreement had been read into the record of the proceeding.

18      ///

19

20

21

22

23

24

25

26

27

28

1 AGREED AND ACCEPTED

2 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA
3
JOSEPH T. MCNALLY
4 Acting United States Attorney

5
*Andrew Brown*                              February 10, 2025
6 ANDREW BROWN                               Date
Assistant United States Attorney
7

8
ANNDRAYA ALLIEJ STINSON                     Date
9 Defendant

10
*Michael M. Crain*                          March 24, 2025
11 MICHAEL CRAIN                             Date
Attorney for Defendant
12 ANNDRAYA ALLIEJ STINSON

13                  CERTIFICATION OF DEFENDANT

14      I have read this agreement in its entirety.  I have had enough

15 time to review and consider this agreement, and I have carefully and

16 thoroughly discussed every part of it with my attorney.  I

17 understand the terms of this agreement, and I voluntarily agree to

18 those terms.  I have discussed the evidence with my attorney, and my

19 attorney has advised me of my rights, of possible pretrial motions

20 that might be filed, of possible defenses that might be asserted

21 either prior to or at trial, of the sentencing factors set forth in

22 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

23 and of the consequences of entering into this agreement.  No

24 promises, inducements, or representations of any kind have been made

25 to me other than those contained in this agreement.  No one has

26 threatened or forced me in any way to enter into this agreement.  I

27 am satisfied with the representation of my attorney in this matter,

28

13

1 and I am pleading guilty because I am guilty of the charge and wish
2 to take advantage of the promises set forth in this agreement, and
3 not for any other reason.

4

5 _____   _____3/24/25_____
   ANNDRAYA ALLIEJ STINSON           Date
6 Defendant

7                    CERTIFICATION OF DEFENDANT'S ATTORNEY

8        I am ANNDRAYA ALLIEJ STINSON's attorney.  I have carefully and
9 thoroughly discussed every part of this agreement with my client.
10 Further, I have fully advised my client of my client's rights, of
11 possible pretrial motions that might be filed, of possible defenses
12 that might be asserted either prior to or at trial, of the
13 sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant
14 Sentencing Guidelines provisions, and of the consequences of
15 entering into this agreement.  To my knowledge: no promises,
16 inducements, or representations of any kind have been made to my
17 client other than those contained in this agreement; no one has
18 threatened or forced my client in any way to enter into this
19 agreement; my client's decision to enter into this agreement is an
20 informed and voluntary one; and the factual basis set forth in this
21 agreement is sufficient to support my client's entry of a guilty
22 plea pursuant to this agreement.

23

24 _____   _____March 24, 2025_____
   MICHAEL CRAIN                      Date
25 Attorney for Defendant
26 ANNDRAYA ALLIEJ STINSON

27

28

                                   14